IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF SOUTH CAROLINA

CHARLESTON DIVISION

| | |
|---|---|
| **IN-N-OUT BURGERS, INC.,** | Case No. <u>2:15-cv-02529-DCN</u> |
| **Plaintiff,** | **COMPLAINT** |
| **v.** | (Non - Jury) |
| **ISHTIAQUE SOOMRO, d/b/a In N Out Convenience Store, a/k/a In 'N Out Convenience Store** | |
| **Defendant.** | |

Plaintiff, In-N-Out Burgers, Inc., a California corporation ("In-N-Out" or "Plaintiff"), by and through its undersigned counsel, files this Complaint for trademark infringement and seeks a Preliminary and Permanent Injunction against Defendant Ishtiaque Soomro, d/b/a In N Out Convenience Store, a/k/a In 'N Out Convenience Store.

## NATURE OF THE CASE

1.      This is a Civil Action under the Trademark Laws of the United States, 15 U.S.C. § 1051 *et seq*., for trademark infringement and dilution pursuant to § 43(c) and § 32, and of the Trademark Act of 1946 (the Lanham Act), as amended, 15 U.S.C. § 1125(c) and § 1114.

## THE PARTIES

2.      Plaintiff is a corporation duly organized and existing under the laws of the State of California, with its corporate offices located at 4199 Campus Drive, 9th Floor, Irvine, California 92612.

3.      On information and belief, Defendant Ishtiaque Soomro, d/b/a In N Out Convenience Store, a/k/a In 'N Out Convenience Store, is a citizen and resident of the State of

South Carolina that owns and conducts business as In N Out Convenience Store, a/k/a In 'N Out Convenience Store in Charleston County, South Carolina.

## JURISDICTION AND VENUE

4.      This Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1338(a) because this is a civil action involving a federal question pertaining to trademark infringement arising under the Lanham Act, Title 15 of the United States Code.  Alternatively, this Court has subject matter jurisdiction in this action pursuant to 28 U.S.C. § 1332(a) because the parties are citizens of different states, and the sum of damages exceeds $75,000.

5.      Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b) and (c) as Defendants reside in this District and Division, have committed acts of infringement in this District and Division, and/or have regular and established places of business here and are thus subject to personal jurisdiction in this judicial district.

## ALLEGATIONS OF FACT

6.      In-N-Out owns numerous federally registered trademarks and service marks comprising the words IN-N-OUT (U.S. Reg. Nos. 1,085,163; 1,522,799; 1,525,982; 1,101,638; 1,101,628; 2,217,307) and IN-N-OUT BURGER (U.S. Reg. Nos. 1,031,095; 1,031,096; 1,023,506; 1,528,455; 1,539,451; 1,528,456; 1,516,560; 2,026,720).  Collectively, these marks shall be referred to herein as the "IN-N-OUT Marks."  The IN-N-OUT Marks are registered for an array of goods and services in multiple classes, including hamburgers (Class 30), coffee (Class 30), french-fried potatoes (Class 29), beverages (Class 32), restaurant services (Class 42), shirts (Class 25), mugs (Class 21), and others.  Information from the United States Patent and Trademark Office regarding the cited registrations is attached as **Exhibit A** hereto.

7.      Pursuant to 15 U.S.C. § 1065, all of the foregoing registrations have become incontestable, are valid and subsisting, are in full force and effect, and evidence In-N-Out's exclusive right to use the IN-N-OUT Marks in commerce throughout the United States for restaurant products and other goods and services related thereto.

8.      Since at least as early as 1948, In-N-Out has continuously used the IN-N-OUT Marks in association with its goods and services, and the IN-N-OUT Marks have continuously appeared at In-N-Out's locations and in its advertising and promotional activities.  In-N-Out has extensively used and promoted the IN-N-OUT Marks such that they are closely identified with the goods and services of In-N-Out.

9.      In particular, In-N-Out has been engaged in operating quick-service restaurants and other businesses since 1948.  For over 60 years, In-N-Out has served customers fresh, high-quality food based on a simple menu consisting primarily of hamburgers, fries, and milkshakes.  In-N-Out currently operates over 300 restaurants in the United States.

10.     In-N-Out has become well-known across the United States and throughout the world for providing high-quality food and outstanding service to customers, for which In-N-Out has received numerous awards, honors, and accolades throughout the United States and internationally.

11.     In addition to In-N-Out's restaurant operations, In-N-Out maintains and promotes a website, www.in-n-out.com, on which users can locate In-N-Out stores, search In-N-Out's menu, and learn about In-N-Out's history.  In-N-Out's website is so widely accessed that it is the first search result displayed when conducting searches on the Google® and Bing® Internet search engines for "in n out," "in and out," and "in & out."

12.     In-N-Out also sells a wide array of merchandise featuring the IN-N-OUT Marks, including t-shirts, hats, cups, luggage, several items of men's, women's, and children's clothing, office supplies, blankets, and a variety of other items.  These items are sold across the U.S. and internationally through In-N-Out's website www.in-n-out.com and at two In-N-Out Company Stores, located in Baldwin Park, CA and Las Vegas, NV.  In-N-Out's on-line store is promoted and accessible nationwide, and In-N-Out's Company Stores receive customers from all over the U.S. and the world.  In-N-Out also ships merchandise sold through its Company Stores all over the U.S.

13.     The IN-N-OUT Marks have received widespread public recognition and unsolicited media coverage throughout the U.S.  The IN-N-OUT Marks have been promoted and featured in-depth in many significant national publications and national radio and television programs, including the New York Times, Newsday, Daily News, the New York Post, the Washington Post, USA Today, the Tonight Show, American Public Media's Marketplace radio show, and Fox News.   In-N-Out was also the subject of a recent book publication, "In-N-Out Burger: A Behind-the-Counter Look at the Fast-Food Chain That Breaks All the Rules," by Stacy Perman, that was a Best Seller in The New York Times.

14.     In-N-Out has received widespread public recognition on the Internet.  Websites such as HuffingtonPost.com and SeriousEats.com have posted unsolicited, nationwide coverage of In-N-Out.  In-N-Out Burger's official Facebook page, which displays the IN-N-OUT Marks and In-N-Out's iconic trade dress, has more than three million fans.

15.     In-N-Out has consistently and repeatedly won national awards.  In 2008, In-N-Out won the Sandelman & Associates' 2008 Quick-Track Awards of Excellence.  In 2009, In-N-Out won the Zagat's survey award for the nation's best fast-food burger and was second in the same

category in 2010.  The Zagat 2010 survey also recognized In-N-Out as one of the top five large fast food chains.  Consumer Reports ranked In-N-Out as one of the top fast-food restaurants for quality and customer satisfaction based on a customer survey in 2014.

16.     Internationally-recognized celebrity chefs such as Gordon Ramsey, Thomas Keller, Anthony Bourdain and Mario Batali have publicly stated their affection for In-N-Out.   In-N-Out has also been featured repeatedly in Nation's Restaurant News magazine.

17.     As a result of the care and skill exercised by In-N-Out in the conduct of its business, the high quality of In-N-Out's products offered under the IN-N-OUT Marks, the unique nature of the IN-N-OUT Marks, and the extensive sale, promotion and unsolicited media coverage of In-N-Out's products and services including the same, the IN-N-OUT Marks are famous marks.

18.     The IN-N-OUT Marks identify In-N-Out's popular products as those of In-N-Out exclusively, and distinguish them from the products of others. The distinctive IN-N-OUT Marks are well known and symbolize the goodwill that In-N-Out has created in offering its products and services.

19.     Due to the marketing efforts of In-N-Out as well as the unsolicited national media coverage of In-N-Out and its goods and services, customers residing in Charleston County South Carolina recognize the IN-N-OUT Marks as identifying Plaintiff and its goods and services.

## DEFENDANT'S WRONGFUL ACTS

20.     On information and belief, Defendant is using the phrase In-N-Out in connection with a business offering food, beverages, and other items located at 759-A Rutledge Avenue, Charleston, South Carolina, 29414.

21.     In March, 2013, In-N-Out first contacted Defendant regarding his use of "In-N-Out" at his location.

22.    Because of Defendant's confusingly similar use of "In-N-Out" at its location, Plaintiff requested that Defendants cease and desist use of "In-N-Out" at its location.

23.    In-N-Out's efforts to resolve the matter have not been reciprocated by Defendant and, upon information and belief, Defendant continues to use "In N Out" at the location: 759-A Rutledge Avenue, Charleston, South Carolina, 29414.

24.    Defendant's continued use of "In-N-Out" at its location is confusingly similar to the IN-N-OUT Marks.

25.    Defendant's use of such colorable imitations of the IN-N-OUT Marks is likely to cause confusion, mistake, or deception, as those encountering Defendant's business may mistakenly assume that said business is in some way sponsored, endorsed, approved by, or connected with In-N-Out when in fact it is not.

26.    Defendant's use of the IN-N-OUT Marks is likely to dilute and or tarnish the IN-N-OUT Marks.

27.    The IN-N-OUT Marks are wholly associated with In-N-Out due to their long and widespread use, and as such In-N-Out is deserving of having its marks adequately protected with respect to the conduct of its business.

## FIRST CAUSE OF ACTION
### Trademark Infringement (15 U.S.C. §1114)

28.    Plaintiff reasserts the allegations set forth in Paragraph 1 through and including Paragraph 27 above.

29.    Plaintiff is the owner of valid and enforceable statutory trademark rights to the IN-N-OUT Marks.

30.    Defendant is using the IN-N-OUT Marks and/or confusingly similar variations thereof to provide services that are similar to Plaintiff's services.

COLUMBIA 1196660v1

31.     By the aforesaid acts, Defendant has infringed upon In-N-Out's federal trademark rights described by its trademark registrations, in violation of section 32 of the Lanham Act, 15 U.S.C. § 1114.

32.     Defendant's acts have been willful and in conscious disregard of the trademark rights of In-N-Out.

33.     In-N-Out has suffered, is suffering, and will continue to suffer irreparable injury for which In-N-Out has no adequate remedy at law.

34.     In-N-Out is entitled to a preliminary injunction to be made permanent upon entry of final judgment, preventing Defendant's further infringement.

## SECOND CAUSE OF ACTION
### Trademark Dilution – 15 U.S.C. §1125(c))

35.     Plaintiff reasserts the allegations set forth in Paragraph 1 through and including Paragraph 27 above.

36.     The IN-N-OUT Marks are distinctive and famous marks.

37.     In promoting, marketing, advertising, and/or selling its products and services, Defendant is using marks that will cause dilution of the distinctive quality of the IN-N-OUT Marks and that will lessen the capacity of the IN-N-OUT Marks to identify and distinguish In-N-Out's goods and services in violation of 15 U.S.C. §1125(c).

38.     In promoting, marketing, advertising, and/or selling its products and services, Defendant is using marks that will cause dilution of the distinctive quality of the IN-N-OUT Marks by tarnishing the reputation, goodwill and positive associations of the IN-N-OUT Marks due to the nature of the products and services sold by Defendant in violation of 15 U.S.C. §1125(c).

39.     Defendant's use of such marks was subsequent to the IN-N-OUT Marks becoming famous.

40.     In-N-Out has suffered, is suffering, and will continue to suffer irreparable injury for which In-N-Out has no adequate remedy at law.

41.     In-N-Out is entitled to a preliminary injunction to be made permanent upon entry of final judgment, preventing Defendant's further infringement.

## PRAYER FOR RELIEF

WHEREFORE, based on the above, Plaintiff respectfully prays for the following relief:

A.     An order preliminarily and thereafter permanently enjoining Defendant, its officers, agents, servants, employees, attorneys, and all persons in active concert or participating with any of them, from using, in connection with its business affairs, the IN-N-OUT Marks or anything which so resembles the IN-N-OUT Marks, including any use of the combination of terms "IN" and "OUT," in its current signage, advertisements, business listings, corporate listings, websites, and other displays such as those previously described herein;

B.     An order requiring Defendant to deliver up for destruction any and all materials in its possession, control or custody, including but not limited to, signs, packaging, forms, advertisements, business cards, letterheads, circulars, boxes, serving material and/or other representations and means for producing the same that make reference to or use any designation or mark that is confusingly similar to the IN-N-OUT Marks;

C.     A finding this is an exceptional case pursuant to the Lanham Act;

D.     An award of reasonable attorney fees, investigatory fees and expenses, together with pre-judgment interest;

E.     An award of damages in an amount to be determined at trial, which, pursuant to 15 U.S.C. §1117 and 18 U.S.C. § 1964(c), shall be trebled; and

F.      Any such other relief that the circumstances may require and that the Court deems

proper.

Dated: May 26, 2015                            MCNAIR LAW FIRM, P.A.

                                               By:  /s/ Paul D. Harrill
                                               Paul D. Harrill
                                               USDC Bar. No. 5534
                                               PHarrill@mcnair.net
                                               MCNAIR LAW FIRM, P.A.
                                               1221 Main St., Suite 1800 (29201)
                                               P.O. Box 11390 (29211)
                                               Columbia, South Carolina
                                               Tel. (803) 799-9800
                                               Fax  (803) 753-3278

*Attorneys for Plaintiff*